LEV L. DASSIN
Acting United States Attorney
Southern District of New York
By: JEAN-DAVID BARNEA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone:  (212) 637-2679
Facsimile:   (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROY DEN HOLLANDER and WILLIAM A. NOSAL,

    Plaintiffs on behalf of themselves and all others similarly situated,

                v.

INSTITUTE FOR RESEARCH ON WOMEN & GENDER AT COLUMBIA UNIVERSITY; SCHOOL OF CONTINUING EDUCATION AT COLUMBIA UNIVERSITY; TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK; U.S. DEPARTMENT OF EDUCATION; MARGARET SPELLINGS, U.S. SECRETARY OF EDUCATION in her official capacity; BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, in his or her official and individual capacity; CHANCELLOR OF THE BOARD OF REGENTS, ROBERT M. BENNETT, in his official and individual capacity; NEW YORK STATE COMMISSIONER OF THE DEPARTMENT OF EDUCATION, RICHARD P. MILLS, in his official and individual capacity; PRESIDENT OF THE NEW YORK STATE HIGHER EDUCATION SERVICES CORP., JAMES C. ROSS, in his official and individual capacity,

    Defendants.

08 Civ. 7286 (LAK) (KNF)

ECF Case

**NOTICE TO *PRO SE* LITIGANTS PURSUANT TO LOCAL CIVIL RULE 12.1**

---

    Defendants the U.S. Department of Education and Margaret Spellings, Secretary of Education (collectively, the "Federal Defendants"), have moved to dismiss the First Amended

Class Action Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, and have submitted additional written materials.  This means that the Federal Defendants have asked the Court to decide this case without a trial, based on these written materials.  You are warned that the Court may treat this motion as a motion for summary judgment under rule 56 of the Federal Rules of Civil Procedure.  For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

     In short, Rule 56 provides that you may NOT oppose the Federal Defendants' motion simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the Federal Defendants and raising issues of fact for trial.  Any witness statements must be in the form of affidavits.  You may submit your own affidavit and/or the affidavit of others.  You may submit affidavits that were prepared specifically in response to the Federal Defendants' motion.

     If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the Federal Defendants, the court may accept the Federal Defendants' factual assertions as true.  Judgment may then be entered in the Federal Defendants' favor without a trial.

     If you have any questions you may direct them to the Pro Se Office.

Dated: January 9, 2009
      New York, New York

                                       LEV L. DASSIN
                                       Acting United States Attorney
                                       Southern District of New York

                            By:    s/Jean-David Barnea
                                       JEAN-DAVID BARNEA
                                       Assistant United States Attorney
                                       86 Chambers Street
                                       New York, New York 10007
                                       Tel.: (212) 637-2679
                                       Fax: (212) 637-2717
                                       Email: jean-david.barnea@usdoj.gov

TO:    Plaintiffs (via ECF)

TEXT OF RULE 56

Federal Rule of Civil Procedure 56: Summary Judgment

(a) For Claimant.  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party.  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon.  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion.  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted.  It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the

amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to

incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

## TEXT OF LOCAL CIVIL RULE 56.1

<u>Local Civil Rule 56.1.  Statements of Material Facts on Motion for Summary Judgment</u>

(a)  Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, <u>in numbered paragraphs</u>, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement may constitute grounds for denial of the motion.

(b)  The papers opposing a motion for summary judgment shall include <u>a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing</u> a separate, short and concise statement of <u>additional</u> material facts as to which it is contended that there exists a genuine issue to be tried.

(c)  <u>Each numbered paragraph in the statement of</u> material facts set forth in the statement required to be served by the moving party will be deemed to be admitted <u>for purposes of the motion</u> unless <u>specifically</u> controverted by <u>a correspondingly numbered paragraph</u> in the statement required to be served by the opposing party.

(d)  Each statement <u>by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact</u>, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).